NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3441
_____

UNITED STATES OF AMERICA

v.

JOSHUA LEE HUSTON,
                              Appellant
_____

On Appeal from United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-07-cr-00031-001)
District Judge:  Honorable Alan N. Bloch
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2015

Before:  FISHER, HARDIMAN and ROTH, *Circuit Judges*.

(Filed: August 28, 2015 )
_____

OPINION*
_____

FISHER, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joshua Lee Huston violated certain conditions of his second term of supervised release. The U.S. District Court for the Western District of Pennsylvania revoked the term of supervision and sentenced Huston to the statutory maximum of twenty-four months' incarceration. Huston appeals the procedural and substantive reasonableness of his sentence. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

On April 18, 2007, when he was twenty-two years old, Huston pled guilty to theft of a blank money order, in violation of 18 U.S.C. § 500. Huston attributed his conduct to drug use, addiction, and mental illness, and he voluntarily entered a drug treatment program prior to sentencing. The advisory Sentencing Guidelines indicated a term of zero to six months' imprisonment, which could be satisfied by one to three years of probation. The District Court sentenced Huston to three years of probation.

During his term of probation, Huston tested positive for cocaine three times. Huston waived his right to a revocation hearing and agreed to the Probation Office's request that he reside at a community corrections center for 180 days, which the District Court imposed.

2

While there, Huston relapsed again and tested positive for morphine. The Probation Office filed a second petition, requesting this time that Huston's probation be revoked. A hearing was held on July 9, 2009. The advisory Guidelines indicated a sentence of imprisonment from five to eleven months; however, the Government and Huston agreed to a sentence of sixty days' imprisonment, a one-year term of supervised release with a condition of 180 days of home detention, and conditions requiring mental health and substance abuse treatment.

While serving the home detention term, Huston left his residence without permission and was charged with retail theft and receiving stolen property. The Probation Office filed a petition to revoke his supervised release and another revocation hearing was held. Huston requested leniency due to his purported anxiety disorder and addictions that he argued, like before, led to his violations. However, the District Court expressed that it had already been lenient, and it imposed a sentence of fourteen months' imprisonment followed by twenty-two months of supervised release on August 19, 2010.

Just weeks before Huston's latest term of supervised release was to expire, Huston violated the conditions of his release once again. This time, while a police officer was conducting an unrelated traffic stop, Huston, speeding past, hit both the attending officer as well as the detained vehicle and continued to drive away. After the police yelled for Huston to stop, he pulled his vehicle to the side of the road where he resisted arrest. He subsequently failed a sobriety test and was found to be in possession of Suboxone.

3

Huston was charged with aggravated assault by a vehicle while driving under the influence, driving under the influence, resisting arrest, accidents involving damage to attended vehicle or property, possession of a controlled substance, reckless driving, and speeding.

On July 15, 2014, the District Court held another revocation hearing. Huston's most serious violation of supervised release was that of resisting arrest, which constitutes a Grade A violation[1] with a Guidelines range of eighteen to twenty-four months' imprisonment. Huston requested leniency due to his lengthy history of addiction and mental health issues. The Government, however, requested the statutory maximum of twenty-four months' incarceration based on the "plainly egregious" nature of Huston's latest offense and because he could complete addiction and rehabilitation programs while incarcerated.[2] After hearing the parties' arguments, the District Court revoked Huston's supervised release pursuant to 18 U.S.C. § 3583(e)(3) and imposed the statutory maximum, with no further term of supervision. Huston timely appealed.

## II.

The District Court had jurisdiction over this criminal action under 18 U.S.C. § 3231. We have appellate jurisdiction over Huston's challenge to his sentence under 28

---

[1] *See* U.S.S.G. § 7B1.1(a)(1). "Upon a finding of a Grade A . . . violation, the court shall revoke probation or supervised release." *Id.* § 7B1.3(a)(1).

[2] *See* App. 157-58.

4

U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the procedural and substantive reasonableness of Huston's sentence for abuse of discretion.[3]

### III.

In reviewing Huston's sentence, the Court first ensures that the sentence was procedurally reasonable, and then it ensures that the sentence was substantively reasonable.[4] "At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness."[5]

### A.

A district court commits no procedural errors when it 1) correctly calculates the applicable Guidelines range; 2) rules on any motions for departure and states how the departure affects the Guidelines range; and 3) after hearing argument from the parties on an appropriate sentence, meaningfully considers the 18 U.S.C. § 3553(a) sentencing factors and explains its reasoning for the chosen sentence.[6] Here, Huston argues that the District Court erred in the third prong of the three-step sentencing process. Specifically, Huston argues that the Court neglected to consider his arguments that his long-term addiction and mental illness be taken into account, that he should receive a non-

---

[3] *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

[4] *Id.*

[5] *Id.*

[6] *See id.*; *Gall v. United States*, 552 U.S. 38, 51 (2007).

incarceration sentence, and that any sentence should correspond to the Guidelines range for his original conviction (i.e., zero to six months' imprisonment). Huston also argues that the District Court failed to adequately explain its reasoning for imposing a sentence contrary to these requests. In essence, he posits that the District Court failed to meaningfully consider the § 3553(a) factors. This is simply not the case.

The record abundantly demonstrates that the District Court meaningfully considered the § 3553(a) factors and, in doing so, adequately set forth why it was not persuaded by Huston's arguments. The District Court had previously given Huston a lesser sentence based on his addiction and mental health issues. As it explained, however, it found that such leniency was not beneficial to Huston, as he remained in the system seven years later.[7] Indeed, the District Court indicated at length that it was *because of* Huston's inability or unwillingness to address his substance abuse issues that the Court believed a term of imprisonment was, in fact, necessary.[8] In explaining its rationale, the District Court gave due attention to the "egregious nature" and seriousness

---

[7] *See* App. 159 ("You were sentenced to just three years [sic] probation in 2007 for your original offense of conviction. However, you are still in the system seven years later because you are either unwilling or unable to comply with the terms of your supervision and make the transition to a law abiding life.").

[8] *See* App. 159-60 ("The Court had attempted to provide you with a meaningful opportunity to address your substance abuse issues and had believed that you would benefit from some time spent in a structured rehabilitative environment. However, you failed to take advantage of the opportunity you were given . . . and your continued drug use communicated to the Court that you had no interest in taking the steps necessary to address your addiction problems.").

of Huston's latest offense, which was a Grade A violation;[9] Huston's prior violations, bringing him before the District Court three times;[10] and the "serious risk to society" Huston posed given his "failures to be deterred from criminal activity, despite repeated punishment."[11] We therefore find that, in considering the § 3553(a) factors, the District Court sufficiently addressed Huston's arguments for leniency and adequately explained its reasoning for imposing a sentence greater than Huston requested. Accordingly, we cannot conclude that the sentence imposed was procedurally unreasonable.

B.

In reviewing the substantive reasonableness of a procedurally-sound sentence, we must affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[12] Here, Huston argues that his twenty-four month prison sentence was "'greater than necessary'" under the totality of the circumstances in light of his severe addiction problems, which he

---

[9] *See* App. 161 ("[T]he egregious nature of your violation conduct, which involves you damaging the personal property of another person and engaging in a physical struggle with the police . . . . [and] [t]he fact that you kept driving after striking the officer and parked car and the fact that you disobeyed police commands and fought with the officers all serve to illustrate your disregard for the law . . . .").

[10] *See* App. 159 ("[T]oday marks your third revocation hearing before this Court and it appears that the punishment you have received for your prior conduct has done little to dissuade you from engaging in unlawful activity.").

[11] *See* App. 161-62.

[12] *Tomko*, 562 F.3d at 568.

again argues the District Court failed to consider.[13]  However, when we consider

Huston's within-Guidelines sentence along with the District Court's meaningful

consideration of the § 3553(a) factors, its prior leniency, and its recognition that Huston

remained in the criminal justice system seven years after his original offense, we cannot

conclude that no other court would have imposed the statutory maximum.  Therefore,

Huston's sentence was not substantively unreasonable.

1.  IV.

For the reasons set forth above, we will affirm the order of the District Court.

---

[13] Appellant's Br. at 23 (quoting 18 U.S.C. § 3553(a)).